Dear Representative Downing:
This letter is in response to your request for a legal opinion concerning the State Advisory Council for Vocational Education which is required to be established by the provisions of P.L. 94-482 if the State of Missouri desires to participate in programs under the Vocational Education Act of 1963, as amended, and to receive federal funds pursuant thereto. First, you request an opinion as to whether it takes an executive order issued by the governor or a state statute to create and establish such a council. Secondly, you request an opinion as to whether the appointment of the members to this council are subject to confirmation by the Missouri Senate.
Section 105(a) of Public Law 94-482 (20 U.S.C. § 2305) provides:
 "(a) Any State which desires to participate in programs under this chapter for any fiscal year shall establish a State advisory council, which shall be appointed by the Governor or, in the case of States in which the members of the State board of education are elected (including election by the State legislature), by such board. Members of each State advisory council shall be appointed for terms of three years except that (1) in the case of the members appointed for fiscal year 1978, one-third of the membership shall be appointed for terms of one year each and one-third shall be appointed for terms of two years each, and (2) appointments to fill vacancies shall be for such terms as remain unexpired. Each State advisory council shall have as a majority of its members persons who are not educators or administrators in the field of education and shall include as members one or more individuals who —
 (1) represent, and are familiar with, the vocational needs and problems of management in the State;
 (2) represent, and are familiar with, the vocational needs and problems of labor in the State;
 (3) represent, and are familiar with, the vocational needs and problems of agriculture in the State;
 (4) represent State industrial and economic development agencies;
(5) represent community and junior colleges;
 (6) represent other institutions of higher education, area vocational schools, technical institutes, and postsecondary agencies or institutions which provide programs of vocational or technical education and training;
 (7) have special knowledge, experience, or qualifications with respect to vocational education but are not involved in the administration of State or local vocational education programs;
 (8) represent, and are familiar with, public programs of vocational education in comprehensive secondary schools;
 (9) represent, and are familiar with, nonprofit private schools;
 (10) represent, and are familiar with, vocational guidance and counseling services;
 (11) represent State correctional institutions;
 (12) are vocational education teachers presently teaching in local educational agencies;
 (13) are currently serving as superintendents or other administrators of local educational agencies;
 (14) are currently serving on local school boards;
 (15) represent the State Manpower Services Council established pursuant to section 817 of Title 29;
 (16) represent school systems with large concentrations of persons who have special academic, social, economic, and cultural needs and of persons who have limited English-speaking ability;
 (17) are women with backgrounds and experiences in employment and training programs, and who are knowledgeable with respect to the special experiences and problems of sex discrimination in job training and employment and of sex stereotyping in vocational education, including women who are members of minority groups and who have, in addition to such backgrounds and experiences, special knowledge of the problems of discrimination in job training and employment against women who are members of such groups;
 (18) have special knowledge, experience, or qualifications with respect to the special educational needs of physically or mentally handicapped persons;
 (19) represent the general public, including a person or persons representing and knowledgeable about the poor and disadvantaged; and
 (20) are vocational education students who are not qualified for membership under any of the preceding clauses of this sentence.
 Members of the State advisory council may not represent more than one of the above-specified categories. In appointing the State advisory council the Governor or the State board of education, as the case may be, shall insure that there is appropriate representation of both sexes, racial and ethnic minorities, and the various geographic regions of the State."
An Advisory Council for Vocational Education was first required by federal law in 1968 with the passage of P.L. 90-576.
In your opinion request, you indicate that there has been in existence and functioning since that time a State Advisory Council for Vocational Education and that federal funds have been received by the state in accordance with the provisions of the Vocational Education Act of 1963, as amended. In checking with the executive secretary to the council and with the governor's legal counsel, we have been unable to find or locate any executive order creating or establishing an Advisory Council on Vocational Education. Rather, from what we have been able to determine each governor, beginning with Governor Hearnes in 1968, has simply certified to the United States Commissioner of Education that there has been established in Missouri an Advisory Council on Vocational Education and each governor has periodically made appointments to said council.
Periodically, the general assembly has appropriated federal funds received by the state to the Department of Elementary and Secondary Education for the Advisory Council on Vocational Education. We have also been able to determine, that with the exception of appointments made by Governor Bond in 1973 to the State Advisory Council on Vocational Education, none of the appointments by the various governors have been sent to the Missouri Senate for confirmation.
With the possible exception of Section 178.550, RSMo 1969, we have not been able to find any state statute creating or establishing an Advisory Council on Vocational Education to comply with the provisions of P.L. 94-482 to the predecessor provisions in P.L. 90-576.
In Opinion Letter No. 24, issued on September 27, 1978, to Stephen C. Bradford, the Commissioner of Administration, (copy enclosed) we concluded that the Mississippi River Parkway Planning Commission had never been properly established by law in Missouri in the absence of a specific statute or executive order creating said commission. Further, in Opinion No. 50, issued on January 11, 1972, to William Culver, the Executive Director of the Missouri Law Enforcement Assistance Council, we concluded that the Governor had the authority to create a Law Enforcement Assistance Council for the purpose of receiving federal funds and implementing the provisions of the Omnibus Crime Control and Safe Streets Act of 1968 in Missouri.
Subsequently, the general assembly in Section 1, subsection 12, of the Omnibus State Reorganization Act of 1974 (Appendix B RSMo 1975) passed specific legislation authorizing the governor to create, by executive order, such advisory councils or committees as may be required by federal law to receive federal funds. This section provides:
 "The governor is authorized to create by executive order such advisory councils or committees as may be required to conform with requirements to receive federal grants, provided that such executive orders shall be submitted as provided in sections 26.500 through 26.540, RSMo except that such executive orders shall be effective immediately, but will be void if a resolution to disapprove is adopted by either house of the general assembly as provided in sections 26.500 through 26.540, RSMo. The head of the department shall appoint all members of such advisory councils unless federal law or regulation or this act requires otherwise, in which case they shall be subject to the federal requirement as shall be provided by executive order. Members of such advisory councils shall be allowed only reimbursement for their actual and necessary expenses from the appropriations made to the department or agency to which they render advice. All advisory councils or committees shall annually make a report on their activities to the director of the department including all recommendations. A copy of each such report shall be transmitted by the advisory committee to the governor and to the legislative library."
We have also reviewed the provisions of Section 178.550, RSMo 1969, which provides:
 "The president of the state board of education shall annually appoint a committee of five members to be known as the `State Advisory Committee for Vocational Education'. The state advisory committee shall consist of one person of experience in agriculture; one employer; one representative of labor; one person of experience in home economics; one person of experience in commerce. The state commissioner of education is ex officio a member and the chairman of the advisory committee. The state board of education shall formulate general principles and policies for the administration of sections 178.420 to 178.580, which, when they have been approved by the state advisory committee, shall be put into effect. Joint conferences between the state board of education and advisory committee shall be held at least four times each year. All members of the state advisory committee shall be reimbursed for their actual expenses in attending the conferences."
However, this section, in our view, does not comply with the provisions of Public Law 94-482 for two reasons. First, the members of this particular committee established by state law are not appointed by the governor. Secondly, the membership of this particular statutory committee does not comply with the composition requirements of the federal law as set forth previously. Also, we have been advised by the Department of Elementary and Secondary Education that no members to the committee mandated by Section 178.550 have been appointed since 1970 in that its functions have been superceded by the advisory council mandated by federal law.
Consequently, in answer to your first question, we conclude that for an advisory council to have legal existence in this state for carrying out public functions required by federal law such council must be created and established either by a state statute or by an executive order issued by the governor pursuant to the provisions of Section 1, subsection 12, of the Omnibus State Reorganization Act.
Turning to your second question, Article IV, Section 51, of the Missouri Constitution, as amended, provides:
 "Appointments, how made — failure to confirm, effect of. — The appointment of all members of administrative boards and commissions and of all department and division heads, as provided by law, shall be made by the governor. All members of administrative boards and commissions, all department and division heads and all other officials appointed by the governor shall be made only by and with the advice and consent of the senate. The authority to act of any person whose appointment requires the advice and consent of the senate shall commence, if the senate is in session, upon receiving the advice and consent of the senate. If the senate is not in session, the authority to act shall commence immediately upon appointment by the governor but shall terminate if the advice and consent of the senate is not given within thirty days after the senate has convened in regular or special session. If the senate fails to give its advice and consent to any appointee, that person shall not be reappointed by the governor to the same office or position." (Emphasis added)
Further, the federal law mandating an Advisory Council on Vocational Education as a condition of receiving federal funds is very specific as to the powers and duties of such council. Sections 105(d), 105(e), and 105(f) (1) and (2) of Public Law 94-402 (20 U.S.C. § 2305(d), 2305(e), and 2305(f) (E) and 3305(f) (2)) provide:
 "(d)(1) Each State advisory council shall advise the State board in the development of the five-year State plan submitted under section 2307 of this title and the annual program plan and accountability report submitted under section 2308 of this title and shall advise the State board on policy matters arising out of the administration of programs under such plans and reports.
 (2) Each state advisory council shall also evaluate vocational education programs, services, and activities assisted under this chapter, and publish and distribute the results thereof.
 (3) Each State advisory council shall prepare and submit to the Commissioner and to the National Advisory Council created under section 2392 of this title, through the State board, an annual evaluation report, accompanied by such additional comments of the State board as the State board deems appropriate, which (A) evaluates the effectiveness of vocational education programs, services, and activities carried out in the year under review in meeting the program goals set forth in the five-year State plan submitted under section 2307 of this title and the annual program plan and accountability report submitted under section 2308 of this title, including a consideration of the program evaluation reports developed by the State pursuant to section 2312 of this title and of the analysis of the distribution of Federal funds within the State submitted by the State board pursuant to section 2308 of this title, and (B) recommends such changes in such programs, services, and activities as may be deemed necessary.
 (4)(A) Each State advisory council shall identify, after consultation with the State Manpower Services Council, the vocational education and employment and training needs of the State and assess the extent to which vocational education, employment training, vocational rehabilitation, special education, and other programs assisted under this chapter and related Acts represent a consistent, integrated, and coordinated approach to meeting such needs; and (B) comment, at least once annually, on the reports of the State Manpower Services Council which comments shall be included in the annual report submitted by the State advisory council pursuant to this section and in the annual report submitted by the State council pursuant to section 817 of Title 29.
 (e) Each State advisory council is authorized to obtain the services of such professional, technical, and clerical personnel as may be necessary to enable it to carry out its functions under this chapter and to contract for such services as may be necessary to carry out its evaluation functions, independent of programmatic and administrative control by other State boards, agencies, and individuals.
 (f)(1) There are hereby authorized to be appropriated $8,000,000 for fiscal year 1978, $8,500,000 for fiscal year 1979, $9,000,000 for fiscal year 1980, $10,000,000 for fiscal year 1981, and $10,000,000 for fiscal year 1982, for the purpose of making grants to State advisory councils to carry out the functions specified in this section. From the sums appropriated pursuant to this subsection, the Commissioner shall, subject to the provisions of the following sentence, make grants to State advisory councils for amounts allotted to such advisory councils in accordance with the method for allotment contained in section 2303(a)(2) of this title, to carry out the functions specified in this section, and shall pay to each State advisory council an amount equal to the reasonable amounts expended by it in carrying out its functions under this chapter in such fiscal year, except that no State advisory council shall receive an amount to exceed $200,000 or an amount less than $75,000. In the case of Guam, American Samoa, the Northern Mariana Islands, and the Trust Territory of the Pacific Islands, the Commissioner may pay the State advisory council in each such jurisdiction an amount less than the minimum specified in the preceding sentence if he determines that the council can perform its functions with a lesser amount.
 (2) The expenditure of these funds is to be determined solely by the State advisory council for carrying out its functions under this chapter, and may not be diverted or reprogrammed for any other purpose by any State board, agency or individual. Each council shall designate an appropriate State agency or other public agency, eligible to receive funds under this chapter, to act as its fiscal agent for purposes of disbursement, accounting and auditing."
It is our view in light of the specific duties and responsibilities that this council is an administrative board or commission within the meaning of Article IV, section 51, of the Constitution of Missouri. It is charged with making specific executive decisions for and on behalf of the state and has the sole authority to determine the expenditure of the federal funds received by the State for the Council to carry out its duties. Its duties are not simply advisory to other executive officials.
Consequently, it is our view, that in accordance with the provisions of Article IV, section 51, of the Missouri Constitution, as amended, appointments by the governor to the State Advisory Council on Vocational Education, mandated by Public Law 94-482, if properly created either by state law or executive order, will be subject to confirmation by the Missouri Senate. We do not believe that is necessary in this opinion letter to determine whether persons named by the Governor to a purely advisory commission or board must be confirmed by the Senate in view of the fact that the State Advisory Council on Vocational Education does have more than purely advisory duties.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. Ltr. No. 24 9/27/78, Bradford